IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 NOV 29  A 9: 39

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN RE:                                        )
                                              )
RHONDA THOMPSON,                              )
                                              )
        PLAINTIFF,                            )
                                              )
VS.                                           )   CASE NUMBER: 1:06CV1060-MEF
                                              )
KEVIN HARGRAVE, INDIVIDUALLY, D/B/A H.A.F.C.  )   **JURY DEMAND**
RECOVERY SERVICES, INC., D/B/A                )
HARGRAVE & ASSOCIATES, INC.;                  )
DONALD L. DEMPSEY, II., P.A.;                 )
STEVE WISENBURG, INDIVIDUALLY; &              )
LATRESE & KEVIN ENTERPRISES, INC.             )
(A FLORIDA CORPORATION),                      )
                                              )
        DEFENDANTS.                           )

## COMPLAINT

### I. INTRODUCTION

1.  This is a Complaint for damages for actual, statutory, and punitive damages brought by the

    Plaintiff, Rhonda Thompson, against the Defendants, Kevin Hargrave, Individually, d/b/a

    H.A.F.C. Recovery Services, Inc. and d/b/a Hargrave & Associates, Inc.; Donald L. Dempsey,

    II., P.A., Individually; Steve Wisenburg, Individually; and against Latrese & Kevin Enterprises,

    Inc., a Florida corporation.  This complaint against the Defendants asserts violations of the

    of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA");

    the Defendants' invasion of the Plaintiff's right of privacy; the Defendants' intentional

    infliction of emotional distress; and the Defendants' negligent supervision.

## II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and
supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue in this district is proper in that the Defendants regularly transact business here and
the conduct complained of occurred here.

### III. PARTIES

4.    Plaintiff, Rhonda Thompson, is a natural person residing in Houston County, Alabama.

5.    Defendant, Kevin Hargrave, is an individual residing in the State of Florida doing business as
H.A.F.C. Recovery Services, Inc. and further doing business as Hargrave & Associates, Inc.,
and is hereby collectively referred to as "Hargrave."  Hargrave is engaged in the collection of
debts from consumers using the mail and telephone.  The Defendant, Hargrave, regularly
attempts to collect consumer debts alleged to be due another.  Defendant, Hargrave, is a
debt collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6).  The
Defendant's principal place of business, when doing business as H.A.F.C. Recovery
Services, Inc., is located at 8987 Shindler Crossing Drive, Jacksonville, Florida 32222-
2173.  The Defendant's principal place of business, when doing business as Hargrave &
Associates Financial Solutions, is located at 3450 Dunn Avenue, Building 100, Jacksonville,
Florida 32218-6426 .

6.    Defendant, Steve Wisenburg (hereinafter, "Wisenburg"), is an individual engaged in the
collection of debts from consumers using the mail and telephone.  Wisenburg regularly
attempts to collect debts alleged to be due another.  The Defendant is a debt collector as
defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6).  The Defendant's place of
residence is unknown and will be determined during discovery.

7.    Defendant, Donald L. Dempsey, II., P.A. (hereinafter, "Dempsey"), is a Florida corporation engaged in the collection of debts from consumers using the mail and telephone. The Defendant, Dempsey, regularly attempts to collect debts alleged to be due another. Defendant, Dempsey, is a debt collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's place of business is believed to be located at 4321 Roosevelt Boulevard, Jacksonville, Florida 32210.

8.    Defendant, Latrese & Kevin Enterprises, Inc. (hereinafter, "Latrese"), is a Florida corporation engaged in the collection of debts from consumers using the mail and telephone. The Defendant, Latrese, regularly attempts to collect consumer debts alleged to be due another. Defendant, Latrese, is a debt collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's principal place of business is believed to be located at 8987 Shindler Crossing Drive, Jacksonville, Florida 32222-2173.

9.    The alleged debt in which the Defendants are collecting was for personal, family, or household purposes.

## IV.  FACTUAL ALLEGATIONS

10.    On or after May 15, 2006, the Plaintiff, Rhonda Thompson, received a debt collection letter from Defendants, Hargrave and Dempsey. A copy of the collection letter is attached hereto as Exhibit "A."

11.    The collection letter, previously identified as Exhibit "A," purports to be from H.A.F.C. Recovery Services, Inc., and purports to collect from an entity identified as Hargrave & Associates, Inc. The collection letter also identifies Defendant, Wisenburg, as an originator of the collection letter.

12.   Upon information and belief, the entities identified as H.A.F.C. Recovery Services, Inc. and Hargrave & Associates, Inc. are not corporations existing under any laws of the United States.  Instead, upon information and belief, the identified entities are merely trade names of Defendant, Hargrave, and / or Defendant, Latrese.

13.   The collection letter dated May 15, 2006, Exhibit "A," advised the Plaintiff of the following:

"Hargrave & Associates, Inc. has instructed us to prepare and file a possible lawsuit against you in the Superior Court..."

"Such a lawsuit could result in a judgment against you..."

"You can avoid paying costs and attorney's fees resulting from a lawsuit by paying this obligation now."

14.   On or after May 15, 2006, Defendant, Hargrave, and / or Defendant, Latrese, telephoned Billy Myers (hereinafter, "Myers"), a relative of the Plaintiff residing in Mobile, Alabama, and left a recording on his answering machine advising him of a case pending in Houston County, Alabama against Plaintiff, Rhonda Thompson.  Further, the recording urged Myers to telephone the Plaintiff, Rhonda Thompson, and advise her of the lawsuit.

15.   On or about May 17, 2006, the Plaintiff, Rhonda Thompson, telephoned Defendant, Wisenburg, regarding the message left on Myers' answering machine.  During the course of the conversation, Defendant, Wisenburg, threatened litigation against the Plaintiff, and further threatened to have her arrested for fraud.

16.   On or about June 11, 2006, an employee of Defendant, Hargrave, and / or Defendant, Latrese, telephoned the Plaintiff's place of employment, to wit: Dillard's department store (hereinafter, "Dillard's").  Defendant, Hargrave, and / or Defendant, Latrese's, employee spoke with Rosie Davis (hereinafter, "Davis"), a co-worker of the Plaintiff at Dillard's, and

advised Davis that he (Defendant's employee) was calling regarding a case Defendants, Hargrave and / or Latrese, had against Plaintiff, Rhonda Thompson. During the course of the conversation, the Defendants' employee questioned Davis regarding the Plaintiff's work hours.

17.    On or about June 13, 2006, Defendants, Hargrave, Latrese, and Dempsey, transmitted to Plaintiff's employer, Dillard's, a document labeled "EMPLOYMENT VERIFICATION REQUEST." A copy of the "REQUEST" is attached hereto as Exhibit "B."

18.    The "REQUEST", Exhibit "B," identifies the Plaintiff, her Social Security Number, and requests that Dillard's provide the Plaintiff's date of hire, the Plaintiff's position, the name of Plaintiff's Supervisor, the Department name for where she works, the hours of employment, Plaintiff's annual salary, the exempt or non-exempt wages, and the address of the payroll office.

19.    On or about June 19, 2006, Defendant, Hargrave's employee, and / or Defendant, Latrese's employee, telephoned the store secretary for Dillard's.

20.    During the course of the conversation on June 19, 2006, the Defendants' employee advised the Dillard's store secretary that they (Hargrave and Latrese) were going to have the Plaintiff "locked up."

21.    On or about June 24, 2006, a collector identifying himself as Mr. Roebuck (hereinafter, "Roebuck") telephoned the Plaintiff and threatened to take Plaintiff to court. Roebuck further suggested to the Plaintiff that the matter was being referred to the "litigation department." Upon information and belief, Roebuck is employed by either Defendant, Hargrave and / or Defendant, Latrese.

22.     On or about, August 30, 2006, the Defendants issued an additional collection letter to the Plaintiff. The collection letter, Exhibit "C," is identical to the collection letter mailed to Plaintiff on or about May 15, 2006, Exhibit "A.":

### COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### AS TO DEFENDANTS HARGRAVE & LATRESE

23.     Plaintiff, Rhonda Thompson, adopts and incorporates paragraphs 1 through 22 as if fully set out herein.

24.     Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692b(1) by identifying their employer in connection with third-party communication, both telephonically and written, without the third-party's specific request to identify the employer.

25.     Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692b(3) by communicating with the Plaintiff's employer more than once and without a specific request to communicate with said employer.

26.     Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692c(3) by communicating with the consumer at her place of employment, even though the Defendants knew or should have known that the consumer's employer prohibited the Plaintiff from receiving such communication.

27.     Defendants, Hargrave and Latrese, violated 15 U.S.C.§ 1692c(b) by communicating with third parties, both telephonically and in writing.

28.     Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff, the Plaintiff's co-workers, and the Plaintiff's relative, in connection with the collection of a debt.

29.    The Defendants, Hargrave and Latrese, violated  15 U.S.C. §§ 1692e and 1692e(10) by

using false, deceptive, or misleading representations or means in connection with collection

of an alleged debt. The Defendants violated these sections both in writing and telephonically

by advising the Plaintiff that she would be arrested and advising the Plaintiff that "Hargrave

& Associates, Inc. has instructed us to prepare and file a possible lawsuit against you in

Superior Court...." A review of all collection lawsuits in the State of Alabama reveals that

neither of the Defendants have ever filed a collection lawsuit against an Alabama resident.

Further, the Defendants advised third parties that a case was presently pending against the

Plaintiff, Rhonda Thompson.  A review of the court records in Houston County, Alabama

reveals that no collection lawsuit was filed by the Defendants against the Plaintiff.

30.    The Defendants, Hargrave and Latrese, further violated 15 U.S.C. §§ 1692e and 1692e(10)

by continually referring to their intent to file a lawsuit or, through its agent, Defendant,

Wisenburg, advising the Plaintiff that a lawsuit had been filed.

31.    The Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692e(2) by falsely

representing the legal status of a debt.  Specifically, the Defendants advised the Plaintiff

that a "case" was pending against her.

32.    The Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692e(3) by falsely

representing or implying that they were associated with an attorney or that their

communication was from an attorney.

33.    The Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692e(4) by falsely

representing or implying that nonpayment of the debt would result in the arrest or

imprisonment of the Plaintiff.  The Defendants further violated this section by falsely

representing that nonpayment of the debt would result in seizure, garnishment, attachment, or sale of the Plaintiff's property or wages even though such action was not lawful and the Defendants had no intent to take such action.

34.  The Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken.

35.  The Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692e(7) by falsely representing or implying that the Plaintiff had committed a crime, and did so in order to disgrace the Plaintiff.

36.  The Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692e(11) by failing to disclose in their telephonic communication with the Plaintiff that they were a debt collector attempting to collect a debt and that any information would be used for that purpose.

37.  The Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692e(14) by using a false name regarding the debt collector's business, company, or organization.

38.  The Defendants, Hargrave and Latrese, violated 15 U.S.C. § 1692f by using unfair or unconscionable means in an attempt to collect an alleged consumer debt.

39.  As a proximate consequence of the Defendants', Hargrave and Latrese, violation of the FDCPA, the Plaintiff, Rhonda Thompson, suffered injuries consisting of, but not limited to, emotional distress, fright, nausea, embarrassment, harassment, anxiety, and loss of sleep.

### COUNT II - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) AS TO DEFENDANT, DEMPSEY.

40.  Plaintiff, Rhonda Thompson, adopts and incorporates paragraphs 1 through 39 as if fully set out herein.

41. Defendant, Dempsey, violated 15 U.S.C. § 1692b(1) by identifying their employer in connection with third-party communication, both telephonically and written, without the third-party's specific request to identify the employer.

42. Defendant, Dempsey, violated 15 U.S.C. § 1692b(3) by communicating with the Plaintiff's employer more than once and without a specific request to communicate with said employer.

43. Defendant, Dempsey, violated 15 U.S.C. § 1692c(3) by communicating with the consumer at her place of employment, even though the Defendants knew or should have known that the consumer's employer prohibited the Plaintiff from receiving such communication.

44. Defendant, Dempsey, violated 15 U.S.C.§ 1692c(b) by communicating with third parties, both telephonically and in writing.

45. Defendant, Dempsey, violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff, the Plaintiff's co-workers, and the Plaintiff's relative, in connection with the collection of a debt.

46. The Defendant, Dempsey, violated  15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, or misleading representations or means in connection with collection of an alleged debt. The Defendants violated these sections both in writing and telephonically by advising the Plaintiff that she would be arrested and advising the Plaintiff that "Hargrave & Associates, Inc. has instructed us to prepare and file a possible lawsuit against you in Superior Court...."  A review of all collection lawsuits in the State of Alabama reveals that neither of the Defendants have ever filed a collection lawsuit against an Alabama resident. Further, the Defendants advised third parties that a case was presently pending against the

Plaintiff, Rhonda Thompson.  A review of the court records in Houston County, Alabama reveals that no collection lawsuit was filed by the Defendants against the Plaintiff.

47.    The Defendant, Dempsey, further violated 15 U.S.C. §§ 1692e and 1692e(10) by continually referring to their intent to file a lawsuit or, through its agent, Defendant, Wisenburg, advising the Plaintiff that a lawsuit had been filed.

48.    The Defendant, Dempsey, violated 15 U.S.C. § 1692e(2) by falsely representing the legal status of a debt.  Specifically, the Defendants advised the Plaintiff that a "case" was pending against her.

49.    The Defendant, Dempsey, violated 15 U.S.C. § 1692e(3) by falsely representing or implying that they were associated with an attorney or that their communication was from an attorney.

50.    The Defendant, Dempsey, violated 15 U.S.C. § 1692e(4) by falsely representing or implying that nonpayment of the debt would result in the arrest or imprisonment of the Plaintiff.  The Defendants further violated this section by falsely representing that nonpayment of the debt would result in seizure, garnishment, attachment, or sale of the Plaintiff's property or wages even though such action was not lawful and the Defendants had no intent to take such action.

51.    The Defendant, Dempsey, violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken.

52.    The Defendant, Dempsey, violated 15 U.S.C. § 1692e(7) by falsely representing or implying that the Plaintiff had committed a crime, and did so in order to disgrace the Plaintiff.

53. The Defendant, Dempsey, violated 15 U.S.C. § 1692e(11) by failing to disclose in their telephonic communication with the Plaintiff that they were a debt collector attempting to collect a debt and that any information would be used for that purpose.

54. The Defendant, Dempsey, violated 15 U.S.C. § 1692e(14) by using a false name regarding the debt collector's business, company, or organization.

55. The Defendant, Dempsey, violated 15 U.S.C. § 1692f by using unfair or unconscionable means in an attempt to collect an alleged consumer debt.

56. As a proximate consequence of the Defendant, Dempsey's, violation of the FDCPA, the Plaintiff, Rhonda Thompson, suffered injuries consisting of, but not limited to, emotional distress, fright, nausea, embarrassment, harassment, anxiety, and loss of sleep.

**COUNT III - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) AS TO DEFENDANT, WISENBURG.**

57. Plaintiff, Rhonda Thompson, adopts and incorporates paragraphs 1 through 56 as if fully set out herein.

58. The Defendant, Wisenburg, violated 15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, or misleading representations in connection with the collection of an alleged debt.  Specifically, during the course of a telephone conversation between Plaintiff and Defendant, Wisenburg, Wisenburg threatened to "lock up" Plaintiff for "fraud."

59. The Defendant, Wisenburg, violated 15 U.S.C. § 1692e(4) by falsely representing that nonpayment of a debt would result in the arrest or imprisonment of the Plaintiff.

60. The Defendant, Wisenburg, violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken.  Specifically, the Defendant violated this section by threatening to "lock up" the Plaintiff for an alleged "fraud."

61.  The Defendant, Wisenburg, violated 15 U.S.C. § 1692e(7) by falsely representing that Plaintiff had committed a crime, and doing so in order to disgrace the Plaintiff.

62.  The Defendant, Wisenburg, violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a consumer debt.  The Defendant violated this section by falsely representing that the Plaintiff would be "locked up" for "fraud."

63.  As a proximate consequence of the Defendant, Wisenburg's, violation of the FDCPA, the Plaintiff, Rhonda Thompson, suffered injuries consisting of, but not limited to, emotional distress, fright, nausea, embarrassment, harassment, anxiety, and loss of sleep.

### COUNT IV - INVASION OF THE RIGHT OF PRIVACY AS TO DEFENDANTS, HARGRAVE, LATRESE, AND DEMPSEY.

64.  Plaintiff, Rhonda Thompson, adopts and incorporates paragraphs 1 through 63 as if fully set out herein.

65.  The Defendants undertook a series of telephone calls and communications to the Plaintiff constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama.  Said communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiff's right to privacy.  Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiff into paying a claim, debt, or indebtedness.

66.  The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiff's privacy.  The Plaintiff would prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held themselves out to be collectors and employees of Defendants, Hargrave, Latrese, and Dempsey,  and persons and agents acting on behalf of Defendants, Hargrave, Latrese, and Dempsey.

67.   Said communications constitute an unwarranted and wrongful intrusion into Plaintiff's

private activities as well as intentional intrusion into the Plaintiff's solitude and seclusion.

68.   The Defendants, Hargrave, Latrese, and Dempsey, have committed the acts complained of

herein in the State of Alabama.

69.   As a proximate consequence of the invasion of the right of Plaintiff's privacy, the

Defendants have caused the Plaintiff to suffer wrongful intrusion into the Plaintiff's private

activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness,

physical and/or mental suffering, pain, anguish, and fright.

### COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AS TO DEFENDANTS, HARGRAVE, LATRESE, AND DEMPSEY

70.   Plaintiff, Rhonda Thompson, adopts and incorporates paragraphs 1 through 69 as if fully set

out herein.

71.   As a proximate consequence and result of the invasion of the right of privacy as delineated

in Count IV and as a result of making the telephone calls and threats, the Defendants'

actions were an intentional infliction of emotional distress, willful and intentionally

undertaken, knowing that the same were designed to abuse and coerce and create great

mental and physical pain and damage.  The Plaintiff was caused great mental anguish,

physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be

made physically sick, caused great loss of sleep, caused to be made ill, weak and sick, and

caused to suffer great fear, fright, and intimidation.  The Defendants, Hargrave, Latrese, and

Dempsey, are corporations, an individual, or individuals employed by the corporations and

have committed the acts complained of herein in the State of Alabama.

72.   As a proximate consequence of the Defendants' intentional infliction of emotional distress,

the Defendants have caused the Plaintiff great worry, shame, humiliation, loss of sleep,

anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

### COUNT VI - NEGLIGENT SUPERVISION AS TO DEFENDANTS,
### HARGRAVE AND LATRESE.

73.    Plaintiff, Rhonda Thompson, adopts and incorporates paragraphs 1 through 72 as if fully set

out herein.

74.    As a proximate consequence and result of the invasion of privacy and the intentional

infliction of emotional distress, as delineated in Counts IV and V, the Defendants', Hargrave

and Latrese, actions, constitute negligent supervision and training of their personnel hired

for the purpose of collecting debts.

75.    The Defendants, Hargrave and Latrese, had notice or knowledge, either actual or presumed,

of its servants' incompetency or unfitness.  Further, the specific acts of incompetency were

of such nature, character, and frequency that Defendants, Hargrave and Latrese, in the

exercise of due care must have had notice of such action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rhonda Thompson, respectfully this Honorable Court enter judgment

against the Defendants, Kevin Hargrave, Individually, d/b/a H.A.F.C. Recovery Services, Inc., d/b/a

Hargrave & Associates, Inc., Donald L. Dempsey, II., P.A., Steve Wisenburg, Individually, and

Latrese & Kevin Enterprises, Inc., for the following:

a)    Actual damages;

b)    Maximum statutory damages of $1,000.00 from each Defendant pursuant to 15

U.S.C. § 1692k;

c)    Punitive damages;

d)    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

e)    For such other relief that is just.

Respectfully submitted this 29th day of NOV., 2006,

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal@circlecitylaw.com

**EXHIBIT "A"**

*Master*
*Direct Merchant*

HAFC Recovery Services, Inc.
Donald Dempsey, Esq., Attorney At Law
6821 South Point Drive, Suite 123
Jacksonville, FL  32216
Phone: 877-338-8985
Fax: 904-332-8987

*Mr. Roebuck*
*talked to Mr Arnold*
*& Lakisha*
*threatened Arrest*
*6-19-06*

May 15, 2006

THOMPSON, RHONDA
671 WESTGATE PKWY APT A1008        *3423.⁵⁷*
DOTHAN, AL 36303

RE: Hargrave and Associates, Inc.    - Metris Companies
BALANCE: $6,224.68 FILE NUMBER: 5458004064146929

This office represents Hargrave & Associates, Inc.,which is
the creditor in the above-mentioned claim against you. Hargrave
& Associates, Inc. has intructed us to prepare and file a possible
lawsuit against you in Superior Court in order to collect this claim.

Such a lawsuit could result in a judgement against you, in which
event you will be responsible for the principal amount of this debt
plus interest and costs of suit.  You can avoid paying costs and
attorney's fees resulting from a lawsuit by paying this obligation now.
WE WILL SETTLE THIS DEBT FOR LESS THAN IS OWED.  Unless you contact
me within 30 days to pay or dispute the validity of this debt, I
will assume that the debt is valid and that you do not intend
to resolve this matter voluntarily.  THERE WILL BE NO FURTHER
NOTICE OR DEMAND IN WRITING FROM THIS OFFICE PRIOR TO THE
FILING OF SUIT.

If you notify me in writing, within 30 days of receiving this
letter, that you dispute the validity of this debt, or any portion
thereof, I will provide you with the name and address of the
original creditor, if it is different from the current creditor.

SEND US THE FULL AMOUNT DUE OR CALL THIS OFFICE NOW AND
LITIGATION WILL NOT ENSUE. ACT TODAY OR WE WILL PROCEED.

GOVERN YOURSELF ACCORDINGLY.

HAFC Recovery Services, Inc.

Steve Wisenburg

CS/10008

This is an attempt to collect a debt. Any information
obtained will be used for that purpose.

**EXHIBIT "B"**

# HAFC Recovery Services, Inc.
## Donald Dempsey, Esq., Attorney At Law
6821 South Point Drive, Suite 123
Jacksonville, FL 32216
Local: (904) 332-8985  Toll Free: (877) 338-8985  Fax: (904) 332-8987

June 13, 2006

# EMPLOYMENT VERIFICATION REQUEST

HAFC Recovery Services, Inc. is requesting employment verification on the following individual:

**NAME:  Rhonda Thompson**

**ADDRESS:   671 Westgate Pkwy Apt A1008**
**CITY:   Dothan STATE:   AL ZIP CODE:   36303**

**SOCIAL SECURITY NUMBER: 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**

**Please provide the following information regarding the above referenced employee:**

**DATE OF HIRE:** _____

**POSITION:** _____

**NAME OF SUPERVISOR:** _____

**DEPARTMENT NAME:** _____

**HOURS OF EMPLOYMENT:** _____

**ANNUAL SALARY:** _____  **EXEMPT OR NON-EXEMPT:** _____

**ADDRESS OF PAYROLL OFFICE:** _____

_____

_____

**ATTN:** _____

**Please fax this information to (904) 332-8987 or mail to the above referenced HAFC Recovery Services Address.**

**Thank you,**

**EXHIBIT "C"**

HAFC Recovery Services, Inc.
Donald Dempsey, Esq., Attorney At Law
3450 Dunn Avenue #101
Jacksonville, FL  32218
Phone: 877-338-8985
Fax: 904-332-8987

August 30, 2006

THOMPSON, RHONDA
671 WESTGATE PKWY APT A1008
DOTHAN, AL 36303

RE: Hargrave and Associates, Inc.      - Metris Companies
BALANCE: $6,224.68  FILE NUMBER: 5458004064146929

This office represents Hargrave & Associates,Inc.,which is
the creditor in the above-mentioned claim against you.
Hargrave & Associates, Inc. has instructed us to prepare
and file a possible lawsuit against you in the
Superior Court in order to collect this claim.

Such a lawsuit could result in a judgement against you, in which
event you will be responsible for the principal amount of this debt
plus interest and costs of litigation. You can avoid paying costs and
attorney's fees resulting from a lawsuit by settling this obligation
now. WE WILL SETTLE THIS DEBT FOR 35 PERCENT OF THE CURRENT BALANCE
After this debt has been settled in full, we will report this to ALL
credit reporting agencies. Contact us immediatly to settle or resolve
or dispute the validity of this debt, If not we will assume that the
debt is valid and that you do not intend to resolve this matter
voluntarily. Therefore legal actions will be envoked.

CONTACT PRE-LITIGATIONS IMMEDIATLY!

HAFC Recovery Services, Inc.

CS/10008

This is an attempt to collect a debt. Any information
obtained will be used for that purpose.